## L. KIMBALL ET AL. *v.* C. B. MITCHELL ET AL.

1. BILL OF EXCEPTIONS. *Recital of signing. Effect thereof.*
   A bill of exceptions, which states that it was signed during the term at which the action objected to took place, cannot, in the absence of fraud, be successfully assailed upon the ground that in fact it was signed in vacation.

2. SAME. *Fraud. Signing in vacation. Consent.*
   The mere fact that the bill of exceptions is signed in vacation does not show fraud, if it also appears that it is so signed with the consent of the parties.

3. SAME. *Made of record by judge's signature. Filing.*
   It is unnecessary for a bill of exceptions to be marked filed by the clerk in order to be made a part of the record, but it becomes such by the signature of the judge.

ERROR to the Circuit Court of Chickasaw County.

Hon. J. A. GREEN, Judge.

The defendants in error, after the transcript was filed in this court, moved to affirm the judgment of the court below, on the ground that there was no valid bill of exceptions in the record.

*A. H. Handy*, for the motion, made an oral argument, and cited *Vicksburg Railroad Co.* v. *Ragsdale*, 51 Miss. 447, and *Rankin Savings Bank* v. *Johnson*, 56 Miss. 125.

*Frank Johnston, contra*, argued orally, and in writing, that the bill of exceptions, which is a record, shows on its face that it was signed in term-time, and cannot be contradicted except for fraud ; and that no fraud is shown in this case.

GEORGE, C. J., delivered the opinion of the court.

The motion is to affirm the judgment, because all the assignments of error are predicated on the bill of exceptions contained in the record, upon the ground that this bill of exceptions is no part of the record, because, as is alleged, it was signed by the judge after the adjournment of the court, and there was no order of court allowing the bill to be prepared and signed after the term, and no statement in the bill itself that this course was consented to by the parties. The bill of exceptions was taken to the overruling of a motion for

a new trial, and appears on its face to have been taken at the instant of the overruling of the motion, and during the term, though it appears to have been marked filed by the clerk several months afterwards. The statement in the bill of exceptions, as to the time of its being signed, is conclusive, like all other parts of the record, and can only be impeached for fraud. Merely showing that it was in fact signed afterwards would not show the fraud if it also appeared that it was so signed with the consent of the parties, which is the case here. It is not necessary that the bill of exceptions should be marked filed in order to make it a part of the record. It becomes such by the signature of the judge.                                    *Motion denied.*